# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**LIVE WELL FINANCIAL, INC.,**

    **Plaintiff,**

    v.

**JUAN CARDONA-ALICEA, et al.,**

    **Defendants.**

**Civil No. 16-2397 (ADC)**

## OPINION AND ORDER

On November 2, 2016, the Court denied plaintiff Live Well Financial, Inc.'s motion for service by publication on the ground that plaintiff had failed to make pertinent attempts, under Rule 4.6 of the Puerto Rico Rules of Civil Procedure of 2009, to personally serve defendants Juan Cardona-Alicea, Milagros De Los Angeles Echeandía-De Cardona, and the Cardona-De Los Angeles Echeandía Conjugal Partnership. **ECF No. 8**. Plaintiff now returns to the Court arguing that after having made "more attempts to try to serve the defendants," it has again concluded that personally serving them "is not practicable and service by publication is necessary." **ECF Nos. 9**, ¶¶ 2, 4; **12**, ¶¶ 2, 4. The Court disagrees and shall deny plaintiff's renewed motion.

"Under Federal Rule of Civil Procedure 4, absent contrary federal law, one way that a plaintiff may serve a defendant is by 'following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where

service is made.'" *Serra* v. *Banco Santander P.R.*, 747 F.3d 1, 8 (1st Cir. 2014) (quoting Fed. R. Civ. P. 4(e)(1)). Rule 4.6 of the Puerto Rico Rules of Civil Procedure of 2009 permits a court to order service by publication on a local defendant if he "cannot be located although pertinent attempts have been made." P.R. Laws Ann. tit. 32, App. V, R. 4.6(a) (Court's translation). To find that pertinent attempts have been made "requires proof [of the plaintiff's] vigorous steps and honest effort in attempting to personally serve the defendant." *Pagán* v. *Rivera Burgos*, 113 D.P.R. 750, 754, 13 P.R. Offic. Trans. 969, 975 (P.R. 1983) (construing similar 1979 version of Rule 4.6). These requirements of Rule 4.6 are "interpreted in a strict and technical manner." *Senior Loiza Corp.* v. *Vento Dev. Corp.*, 760 F.2d 20, 24 (1st Cir. 1985) (construing 1979 Rule) (citing *García & González* v. *Registrar*, 41 P.R.R. 663 (P.R. 1930)). This strictness "is based on the fact that service by publication permits a plaintiff to proceed to judgment with nothing more than a form of notice to defendant – publication – that is quite likely to go unobserved." *Id*.

In denying plaintiff's first motion for service by publication, the Court observed that the primary attempts that plaintiff had made to personally serve defendants involved dispatching, on a few occasions, a process server to their house, which appeared to be uninhabited and under construction. **ECF No. 8** at 3. Although a next-door neighbor informed the process server that defendants had moved into a nursing home while their sons repaired a leak in the house, the process server did not follow up on those leads at all. *Id*. at 3-4. The Court found that "a party that truly wanted to find the defendants" would have followed up on the leads. *Id*. at 4. For example, the Court suggested that that the process server "could have, for starters, contacted

local nursing homes to identify the one in which [defendants] now reside," and he "could have also left a written message for the defendants' sons – conspicuously in a part of the house currently under construction, or firmly attached to its front door, or with the next-door neighbor with instructions to pass it along when the sons visit their parents' house to do construction – informing them that plaintiff is seeking to contact their parents to inform them of a mortgage-foreclosure action on the parents' house." *Id*. at 3-4. The Court finds that, for whatever reason, plaintiff failed to follow the Court's advice and has still not followed up on its now stale leads.

The only additional attempts that plaintiff has made to personally serve defendants are recounted in the process server's new "Negative Affidavit of Service." *See* **ECF Nos. 9**, ¶ 2; **12**, ¶ 2. According to that affidavit, the process server simply returned to defendant's house on two more occasions (a Wednesday, then the following Tuesday), only to find that the house was no longer under construction and that "nobody" was home. **ECF Nos. 9-1**, ¶¶ 2, 5; **12-1**, ¶¶ 2, 5. It is not clear what else occurred since the process server's affidavit is so poorly written. "As the days before visited . . . , leave a note with my contact information and never returned the call," the affidavit reads, without ever mentioning what the note stated or where it was left. **ECF Nos. 9-1**, ¶ 3; **12-1**, ¶ 3. It does not help that the phrase "never returned the call" suggests that the process server received a call, but failed to return it. Two paragraphs later, the affidavit reads: "And like the previous times the notes left by someone who took them but never communicated with me about it." **ECF Nos. 9-1**, ¶ 5; **12-1**, ¶ 5. Again, the affidavit, insofar as it makes sense, is silent as to what the notes said, where they were left, and to whom they were addressed.

Finally, the process server allegedly spoke with a different next-door neighbor this time, who stated "that the defendants do not live on the property, which he sees is his son but not regularly." **ECF Nos. 9-1**, ¶ 4; **12-1**, ¶ 4. If it is true that no one lives in the house that the process server keeps visiting, the Court fails to see how additional visits will "offer the defendant[s] a high degree of certainty in [their] right to be heard" in this case. *See Pagán*, 13 P.R. Offic. Trans. at 974 (citing *Mundo* v. *Fúster*, 87 P.R.R. 343 (P.R. 1963)). Yet repeated visits are all that plaintiff has done in response to the Court's finding that more pertinent attempts to effectuate personal service must be made before service by publication can be authorized.

Although the Court finds that posting notes at defendants' (potentially former) house is a step in the right direction, the process server's affidavit says so little about the notes, and what it says is said so carelessly, that the Court has no basis to find that the notes were an attempt to locate defendants or even what effort went into delivering the notes. Moreover, the Court has presided over several mortgage-foreclosure actions in which the defendant died and, thus, has seen how often corporations like plaintiff are readily able to identify and locate the decedent's heirs. Here, it seems evident that defendants have sons who live locally and are in contact with their parents. Yet plaintiff has said nothing about trying to locate the sons, or about using the information in defendants' loan paperwork to locate them (or a contact person). Thus, for the second time, plaintiff must be more vigorous in its attempts to personally serve defendants.

In sum, the Court hereby **DENIES** plaintiff's renewed motions to authorize service by publication on defendants, **ECF Nos. 9**, **12**, because of its continuing failure to make pertinent

attempts to locate them.  The Court also **ORDERS** plaintiff to demonstrate either that the United States of America has been properly and timely served pursuant to Rule 4(i)(1)(A) and (B), or that 'good cause' exists, pursuant to Rule 4(m), for the failure to effectuate such service.  **Plaintiff has fifteen (15) days from the publication of this Order to comply**.  Failure to timely demonstrate proper and timely service on the United States or, in the alternative, good cause for the failure to effectuate such service will result in the dismissal of the action against the United States.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 16th day of June, 2017.

**S/AIDA M. DELGADO-COLÓN**
**Chief United States District Judge**